JOURNAL ENTRY AND OPINION
Mujtabaa Mubashshir, aka Lapetto Johnson, appeals from a judgment of the common pleas court denying his petition for post-conviction relief, arising from his October 8, 1988 conviction of kidnapping, rape, abduction, felonious assault, gross sexual imposition, aggravated robbery and attempted rape. On appeal, he urges the court abused its discretion by denying his petition on the basis that it had been untimely filed and because he had been denied ineffective assistance of counsel. After a careful review of the record on appeal, we affirm the judgment of the court.
The recitation of the facts contained in this opinion are adopted from those recited by Judge Matia in State v. Lapetto Johnson(March 29, 1990), Cuyahoga App. No. 56808, unreported. On July 28, 1988, a grand jury indicted Johnson for seven counts of kidnapping, six counts of rape, four counts of abduction, five counts of felonious assault, two counts of gross sexual imposition, two counts of aggravated robbery, and one count of attempted rape. Johnson entered a plea of not guilty at his arraignment and underwent a psychiatric evaluation, which concluded that he had not been suffering from a mental illness during the period in which he committed the offenses.
On October 3, 1988, a jury trial commenced but, prior to the first witness being called, Johnson indicated to the court his desire to withdraw his former plea and enter a plea of guilty to all the charges except count three, abduction of a minor. The court then conducted an extensive hearing and accepted his plea. The state agreed to nolle count three. The court then sentenced Johnson to a term of imprisonment of ninety-six years of actual incarceration to two-hundred thirty-five years.
Johnson filed a direct appeal arguing the court should have ordered a second psychiatric examination and new counsel. On March 29, 1990, this court affirmed his conviction. Thereafter, the Ohio Supreme Court denied leave to appeal. On March 8, 1999, Johnson filed a motion to vacate or set aside his sentence pursuant to R.C. 2953.21, which the trial court denied on February 10, 1999, because the post-relief petition had been untimely filed and because the issues raised had been barred by the doctrine of res judicata. Johnson now appeals that determination and sets forth the following assignments of error for our review.
 I. THE DEFENDANT-PETITIONER WAS DEPRIVED OF THE REASONABLE EFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL COURT STAGE AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION AT PRETRIAL AND AT TRIAL PROCEEDING.
 II. THE DEFENDANT-PETITIONER WAS DEPRIVED OF THE REASONABLE EFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL COURT STAGE AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION AT PRETRIAL AND AT TRIAL PROCEEDING.
 III. THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY INQUIRE INTO THE DEFENDANT-PETITIONER'S ALLEGATIONS THAT HE WAS BEING INEFFECTIVELY REPRESENTED BY HIS APPOINTED TRIAL COUNSEL.
 IV. THE DEFENDANT-PETITIONER WAS DENIED THE SIXTH AMENDMENT RIGHT TO THE AID OF COUNSEL AT LINE-UP AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENT (SIC) TO THE U.S. CONSTITUTION.
 V. PETITIONER'S TEN TO TWENTY-FIVE YEAR SENTENCE FOR RAPE UNDER R.C. 2907.2 (SIC) AND KIDNAPPING R.C. 2905.01 WAS OBTAINED IN VIOLATION OF DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION IN THAT THOSE OFFENSES ARE ALLIED OFFENSES OF SIMILIAR (SIC) IMPORT WITHIN THE CONTEMPLATION OF R.C. 2941.25(a), AND FURTHER THAT THE PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT HIS TRIAL WHO FIALED (SIC) TO OBJECT TO THE ERRONEOUS SENTENCE.
Johnson urges the court erred in denying his post-conviction relief petition because he received ineffective assistance of counsel at trial in that his counsel failed to file a motion to suppress and failed to object to the sentence imposed. He further argues the trial court abused its discretion when it failed to appoint new counsel, that he had been denied counsel at a police line-up and that the court improperly sentenced him for rape and kidnapping because they are allied offenses of similar import.
The state, however, maintains that Johnson untimely filed his petition and that his claims are barred by the doctrine of res judicata.
The first issue to be decided is whether the petition for post-conviction relief had been timely filed.
R.C. 2953.21(A)(1) provides that any person who has been convicted of a criminal offense and who now claims a denial of their constitutional rights may file a petition, stating the grounds for relief relied upon, and ask the court to vacate the judgment or sentence imposed. The statute further provides in (A)(2) in pertinent part:
 A petition filed under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *.
Further, the corresponding uncodified law provides:
 A person who seeks post-conviction relief pursuant to section 2953.21 through 2953.23 of the Revised Code with respect to cases in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code as amended by this act, or within one year from the effective date of this act (September 21, 1995), which ever is later.
Section 3, S.B. No. 4, 146 Ohio Laws, Part IV, 7826.
In this case, Johnson filed a direct appeal and the record was filed on March 29, 1990. Pursuant to the uncodified law, Johnson had one year from the effective date of Senate Bill 4, or September 1996, to file his petition. The record reflects Johnson did not file his petition until March 8, 1999. Therefore, his petition for post-conviction relief had been untimely filed and the trial court properly dismissed it on that basis.
Because the petition could not be considered by the trial court due to its untimeliness, the remaining assignments of errors are rendered moot. See App.R. 12(A)(1)(c). Accordingly, these assignments of error are overruled and the judgment of the court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
 _______________________ JOSEPH J. NAHRA, Judge
ANN DYKE, A.J., and PATRICIA A. BLACKMON, J., CONCUR
(Retired, Eighth Appellate District, Sitting by Assignment)